IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN GARCIA | § | |
| Plaintiff, | § § § | |
| VS. | § | NO. 3-11-CV-3362-O-BD |
| PNC MORTGAGE, ET AL. | § § § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Juan Garcia, who is appearing *pro se*, was ordered to attend a Rule 26(f) conference, participate in the preparation of a joint status report and proposed scheduling plan, file a written response to a show cause order, and attend a show cause hearing. Because plaintiff has not complied with any of these orders, his pleadings should be stricken and his claims dismissed with prejudice.

I.

On November 1, 2011, plaintiff sued PNC Bank, N.A. and one of its divisions, PNC Mortgage, in Texas state court alleging numerous violations of state law in connection with foreclosure proceedings initiated against his property. Defendants timely removed the case to federal district court on the basis of diversity of citizenship. *See* 28 U.S.C. § 1332(a)(1).[1] Following removal, the court issued an order requiring plaintiff and counsel for defendants to hold a Rule 26(f) conference by December 22, 2011, and file a joint status report and proposed scheduling plan by January 5, 2012. The order provides that any party who fails to participate in the Rule 26(f)

---

[1] Federal diversity jurisdiction is proper because plaintiff is a citizen of Texas, defendants are citizens of Pennsylvania, and the amount in controversy exceeds $75,000, exclusive of interest and costs. (*See* Def. Not. of Rem. at 2, ¶¶ 5 & 7).

conference or who does not sign the joint status report and proposed scheduling plan "will be subject to sanctions." *See* Order, 12/8/11 at 1, ¶ 1 & 3, ¶ 2. At the request of counsel for defendants, the deadline to file a joint status report was extended to January 11, 2012, and then to January 25, 2012. *See* Orders, 12/13/11 & 1/18/12. No report was filed.

On February 21, 2012, the court issued an order requiring plaintiff and defendants to show cause why sanctions should not be imposed for failing to hold a Rule 26(f) conference and prepare a joint status report and proposed scheduling plan. Both parties were ordered to file a written response to the show cause order by March 1, 2012, together with a joint status report and proposed scheduling plan. Once again, the court warned that "the failure to comply with this order may result in the imposition of additional sanctions, including an order striking pleadings and dismissing this action or entering a default judgment, as appropriate." *See* Order, 2/21/12 at 1-2, *citing* FED. R. CIV. P. 16(f)(1). Defendants complied with the show cause order and submitted a joint status and proposed scheduling plan that is not signed by plaintiff. In their response, defendants state that "[p]laintiff has not responded to PNC telephone calls or faxes." (*See* Def. Resp. to Show Cause Or. at 1, ¶ 1). Plaintiff did not respond to the show cause order.

Because plaintiff failed to comply with the court's order, a hearing was scheduled for March 9, 2012, at 9:00 a.m. Plaintiff was ordered "to attend this hearing in person, then and there to show cause why he should not be sanctioned for failing to respond to the February 21, 2012 show cause order or participate in the preparation of a joint status report and proposed scheduling plan." *See* Order, 3/2/12 at 2. Once again, plaintiff was warned that sanctions may be imposed if he failed to attend the show cause hearing, "including striking his complaint and dismissing this action with prejudice." *Id.*, *citing* FED. R. CIV. P. 16(f)(1). Although plaintiff was duly notified of the show

cause hearing, he failed to appear and did not communicate with the court or opposing counsel regarding his absence.

II.

Rule 16(f) of the Federal Rules of Civil Procedure provides, in pertinent part:

> On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
>
> (A)    fails to appear at a scheduling or other pretrial conference;
>
> * * * *
>
> (C)    fails to obey a scheduling or other pretrial order.

FED. R. CIV. P. 16(f)(1). Among the sanctions contemplated by this rule are "striking pleadings in whole or in part" and "dismissing the action or proceeding in whole or in part." FED. R. CIV. P. 37(b)(2)(A)(iii) & (v). In addition, Rule 41(b) authorizes dismissal of a civil action for failure to comply with a court order. FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

The record in this case documents a clear history of delay and contumacious conduct by plaintiff. Not only did plaintiff fail to attend a Rule 26(f) conference or participate in the preparation of a joint status report and proposed scheduling plan, but he did not file a written response to a show cause order by March 1, 2012, or appear at a show cause hearing on March 9, 2012. Plaintiff was warned at least *three times* that his failure to comply with court orders may result in the imposition of sanctions. *See* Orders, 12/8/11, 2/21/12, 3/2/12. Two of those warnings specifically advise that sanctions may include an order striking his pleadings and dismissing this action with prejudice. *See* Orders, 2/21/12, 3/2/12. Although plaintiff was given two opportunities to explain his actions to the court, he failed to take advantage of those opportunities. Under these circumstances, extreme sanctions are warranted. *See, e.g. Matthews v. Wells Fargo Bank, N.A.*, No. 3-10-CV-1652-O-BD, 2011 WL 3348023 at *2 (N.D. Tex. Jul. 8, 2011), *rec. adopted*, 2011 WL 3347855 (N.D. Tex. Jul. 29, 2011) (complaint stricken and case dismissed with prejudice where *pro se* plaintiff failed to participate in preparation of joint status report, file written response to show cause order, or appear at show cause hearing); *Peoples v. City of Dallas*, No. 3-10-CV-0190-O-BD, 2010 WL 1542176 at *2-3 (N.D. Tex. Mar. 25, 2010), *rec. adopted*, 2010 WL 1542179 (N.D. Tex. Apr. 16, 2010) (same); *Sawyer v. Mortgage Electronic Registration Systems, Inc.*, No. 3-09-CV-2303-K, 2010 WL 996768 at *2 (N.D. Tex. Feb. 1, 2010), *rec. adopted*, 2010 WL 996917 (N.D. Tex. Mar. 17, 2010) (same where *pro se* plaintiff failed to attend Rule 16 conference and show cause hearing); *Petito v. Brewster*, No. 3-08-CV-0006-L, 2008 WL 906065 at *4 (N.D. Tex. Mar. 31, 2008), *aff'd*, 562 F.3d 761 (Table), 2009 WL 682392 (5th Cir. Mar. 17, 2009) (same where *pro se* plaintiff failed to appear at two hearings without justification or excuse); *Eric D. Fein, P.C. & Assoc. v. Dinli Metal Industrial Co.*, No. 3-07-CV-0012-K, 2007 WL 1741249 at *2 (N.D. Tex. Jun. 14, 2007) (default judgment entered against defendant who failed to appear at court-ordered status conference and show cause

hearing); *DirecTV, Inc. v. Mendes*, No. 3-03-CV-1102-P, 2004 WL 733199 at *2 (N.D. Tex. Apr. 2, 2004), *rec. adopted*, 2004 WL 1873039 (N.D. Tex. Aug. 18, 2004) (same).

The court has considered alternate sanctions. However, lesser sanctions would not serve the interests of justice or advance the disposition of this case on the merits. Where a plaintiff refuses to obey lawful orders without justification or excuse, dismissal is warranted.

## RECOMMENDATION

Plaintiff failed to attend a Rule 26(f) conference, participate in the preparation of a joint status report and proposed scheduling plan, file a written response to a show cause order, and attend a show cause hearing -- all without justification or excuse. As a result, his pleadings should be stricken and his claims dismissed with prejudice. *See* FED. R. CIV. P. 16(f) (1) & 37(b)(2)(A)(iii) & (v).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 9, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE